GARRICK A. HOLLANDER – State Bar No. 166316
ghollander@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel for
Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>METROPOLITAN AUTOMOTIVE WAREHOUSE, INC., a California corporation,<br><br>　　　　　Debtor and<br>　　　　　Debtor-in Possession. | Case No. 6:16-bk-10096 WJ<br><br>Chapter 11 Proceeding<br><br>**DEBTORS' EX PARTE APPLICATION TO SET EMERGENCY HEARING ON DEBTORS':**<br>(1) **EMERGENCY** MOTION FOR ORDER AUTHORIZING PAYMENT AND HONORING OF PRE-PETITION PAYROLL OBLIGATIONS; (2) **EMERGENCY** MOTION FOR ORDER AUTHORIZING DEBTORS TO USE CASH COLLATERAL AND PROVIDE ADEQUATE PROTECTION TO BANK OF THE WEST; (3) **EMERGENCY** MOTION FOR ORDER AUTHORIZING DEBTORS TO HONOR AND COMPLY WITH CUSTOMER OBLIGATIONS; (4) **EMERGENCY** MOTION FOR ORDER APPROVING APPOINTMENT OF CHIEF RESTRUCTURING OFFICER; (5) **EMERGENCY** MOTION FOR AUTHORIZING RETENTION OF CASH MANAGEMENT SYSTEM; AND (6) **EMERGENCY** MOTION FOR ORDER LIMITING NOTICE IN THE DEBTORS' CASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS IN SUPPORT THEREOF<br><br>[No Hearing Required] |

**TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY JUDGE; AND INTERESTED PARTIES:**

Metropolitan Automotive Warehouse, Inc., a California corporation, the debtor and debtor-in-possession in Chapter 11 Case No. 6:16-bk-10096 WJ ("Debtor-Metro"), and Star Auto Parts, Inc., a California Corporation, the debtor and debtor-in-possession in Chapter 11 Case No. 6:16-bk-10105 WJ ("Debtor-Star") (collectively, the "Debtors") hereby move ("Motion") the Court, on an <u>ex parte</u> basis and without the need for any hearing, for an order **setting an emergency hearing on Monday January 11, 2016**, for the following motions:

(1) Debtors' Emergency Motion for Order Authorizing Payment and Honoring of Pre-Petition Payroll Obligations ("<u>Payroll Motion</u>");

(2) Debtors' Emergency Motion for Order Authorizing Debtors to Use Cash Collateral and Provide Adequate Protection to Bank of the West ("<u>Cash Collateral Motion</u>");

(3) Debtors' Emergency Motion for Order Authorizing Debtors To Honor and Comply with Customer Obligations ("<u>Customer Obligation Motion</u>");

(4) Debtors' Emergency Motion for Order Approving Appointment of Chief Restructuring Officer ("<u>CRO Motion</u>");

(5) Debtors' Emergency Motion for Order Authorizing Retention of Cash Management System ("<u>Cash Management Motion</u>");

(4) Debtors' Emergency Motion for Order Limiting Notice in the Debtors' Cases ("<u>Limit Notice Motion</u>") (Collectively the "<u>First Day Motions</u>").

The Debtors have filed motions to jointly administer their Chapter 11 proceedings.[1]
Pending approval of joint administration, the Debtors have filed substantially identical motions in their respective cases. Accordingly, the facts and argument set forth herein are on a joint basis.

This Motion is made and based on the within points and authorities, the Declaration of Garrick Hollander (the "Hollander Declaration") and Declaration of Ronald Turner (the "Turner

---

[1] On January 7, 2016, the Debtors each filed in their respective cases the *Debtor's Ex Parte Motion for Order Authorizing Joint Administration of Related Chapter 11 Cases* [*In re Metropolitan Automotive Warehouse, Inc.*, Case no. 6:16-bk-10095 WJ, Docket no. 6; *In re Star Auto Parts, Inc.*, Case no. 6:16-bk-10105 WJ, Docket no. 4] (collectively, the "Joint Administration Motions"). The Joint Administration Motions currently are set for hearing on January 20, 2016, at 3:00 p.m.

-2-

1  Declaration"), and on such other evidence as may be presented to the Court with respect to this
2  Motion. Due to the urgent nature of the relief requested herein, the Debtors request that this
3  Motion be granted, without notice or hearing, in accordance with the provisions of Bankruptcy
4  Rule 9006(c) and Local Bankruptcy Rule 9075-1(a)(2).

DATED: January 8, 2016

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By: /s/ *Garrick A. Hollander*
   Garrick A. Hollander
   [Proposed] General Insolvency Counsel for Debtors
   and Debtor-in-Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### THE NEED FOR EMERGENCY RELIEF

The Debtors are a family owned business that has been in operation for over sixty years. The Debtor-Metro is a southern California-based distributor of automotive aftermarket parts over sixty years with operations in southern and central California. The Debtor-Metro distributes aftermarket automotive parts to retail stores and also sells to and fulfills orders for various e-commerce customers. The Debtor-Star, a wholly-owned subsidiary of the Debtor-Metro, is a southern California based retailer of aftermarket parts.

In order to sustain its business operations, the Debtors must be able to meet their current obligations to their employees, and its post-petition obligations to vendors and customers on a timely basis. *Without the immediate use of cash collateral and the ability to pay payroll, this cannot be accomplished.* The consequences of even a single day of delay in this regard could have a devastating effect upon the Debtors' business operations. Employees would seek employment elsewhere, vendors would decline to provide products and customers would seek out alternative providers. In contrast, if the Debtors are granted emergency relief, it will provide the Debtors the means to immediately reassure all of these critical constituencies and the going concern value of the Debtors' business will be preserved.

**The Debtors respectfully request that the Court set an emergency hearing on Monday, January 11, 2016. The Debtors represent that the U.S. Trustee's office supports the setting of an emergency hearing on the soonest date available.** See Hollander Declaration.

The Debtors collectively have approximately 2,000 creditors, and employ approximately 1,000 employees. The Debtor-Metro has 630 hourly employees, and 36 on salary and commission. The Debtor-Star has 317 hourly employees, and 16 on salary and commission. **The Debtors have approximately $707,852.38 in pre-petition employee payroll obligations due on or before January 8, 2016.**[2] These employees, most of whom live hand to mouth, must be paid

---

[2] The Petition Date straddles two pay periods. Accordingly, as set forth in more detail below, an additional $218,322.31 in prepetition payroll obligations are due on January 20, 2016 or thereafter.

-4-

in a timely fashion. It would be inequitable to impose a hardship of these employees, who have to pay for rent, groceries, and other essentials in life. The Debtors must retain the support of their employees in order to preserve and maintain its ongoing business operations and to meet the needs of its customers. To retain this support, the Debtors must timely pay all pre-petition payroll and wage related obligations owed to this constituency.

The Debtors' next payroll is due and payable on January 8, 2016, all of which the Debtors' employees earned prior to the petition date. To meet this obligation, the Debtors must fund payroll as soon as possible. As a result, **the need for judicial relief is immediate**. The Debtors believe if they do not pay their employees, they will leave their employ, which, in turn, will cause immediate and irreparable damage to its business. In contrast, if the Debtors can obtain promptly the relief sought herein, they will preserve their business value for the benefit of all creditors.

The Debtors authority to pay its prepetition wage obligations is also contingent upon approval of the Debtors' use of cash collateral and retention of its cash management systems. As set forth in their separate motion seeking Court authority Debtors to use cash collateral (the "Cash Collateral Motion"), Bank of West ("Bank"), the Debtors' primary secured creditor and only secured creditor who holds rights against cash collateral, supports the Debtors' use of cash collateral, including the payment of its payroll, and that these matters be heard on an emergency basis.

As set forth in more detail in the Cash Collateral Motion, the Debtors are operating on a cash flow positive basis, and thus no creditors will be prejudiced by the Motions. In fact, assuming the employees are paid and the company continues in operation, the Debtors project to generate positive cash flow of $3 million just in the first two weeks alone, and more than $8 million in the next few months. In contrast, if the Debtors are unable to pay their employees in a timely fashion, the Debtors risk losing their labor force, and closing operations which will severely prejudice all creditors. **Accordingly, the Debtors request that the Court set an emergency hearing on the Payroll Motion and the Cash Collateral Motion, no later than Monday, January 11, 2016.**

In addition, the Debtors request that the Court set an emergency hearing on the Debtors' other First Day Motions, including the Customer Obligation Motion, CRO Motion[3] and the Limit Notice Motion. In order to maintain customer loyalty and goodwill, the Debtors must continue to honor certain customer obligations, including returns, exchanges, rebates, etc., which are incurred in the ordinary course of business. The Debtors believe that avoiding disruption to their normal business operations is essentially to the success of this reorganization. The Debtors request immediate approval of the Customer Obligations Motion.

## II.

## STATEMENT OF FACTS

### A.  The Debtors' Business

Metropolitan Automotive Warehouse, Inc. ("Debtor-Metro") is a family-owned Southern California-based business, distributing automotive aftermarket parts for the last sixty years, with operations in Southern California and Central California. Metropolitan Automotive Warehouse, Inc. distributes aftermarket automotive parts to retail stores and also sells to and fulfills orders for various e-commerce customers. Star Auto Parts, Inc. ("Debtor-Star"), a wholly-owned subsidiary of Debtor-Metro, is a Southern California based retailer of aftermarket parts. The Debtor-Star sells aftermarket automotive parts directly to repair facilities also known as the "Do-it-for-Me" channel, end users, also known as the "Do-it-Yourself channel, and businesses which own and operate vehicle fleets. The Debtors employ approximately 1,000 employees.

### B.  Events Precipitating the Debtors' Chapter 11 Filing

The Debtors grew very rapidly from 2009 thru 2015 following the bankruptcy of Pacific Supply, the company's largest competitor at the time based in Long Beach, California. As a result of growing demand during this timeframe, the Debtors expanded operations from one distribution center and eight retail stores in 2009 to five distribution center and nine retail stores in 2015, as well as launched a business to support a growing list of e-commerce customers across all five distribution centers. Due to the need to provide high service levels seven days per week and to

---

[3] The Debtors will approval of the appointment of a Chief Restructuring Office, Richard M. Pachulski.

compete aggressively to maintain and grow its e-commerce business, the business experienced rising operating costs and falling margins leading to operating losses and cash flow issues. Recently, one of the Debtors' largest unsecured trade creditors filed an action to recover on its claim. As part of this effort, this creditor filed a motion to appoint a Federal Court receiver in Michigan. The Court scheduled a hearing to discuss this motion for January 7, 2016. In order to stave of the potential appointment of a receiver, the Debtors filed relief under Chapter 11 of the Bankruptcy Code.

### III.

### EMERGENCY RELIEF IS AUTHORIZED UNDER THESE CIRCUMSTANCES

Procedural authorization for an emergency hearing on this emergency motion is found in Rule 9006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). Bankruptcy Rule 9006(c) provides, in pertinent part: "when an act is required or allowed to be done at or within a specified time by these rules or be a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice *order the period reduced.*" Fed. R. Bankr. P. 9006(c) (emphasis added).

Local Bankruptcy Rule 9075-1(a)(2) for the Central District of California provides for hearings on an emergency basis, including hearings on less than 48 hours notice, and set "before the motion is filed". As discussed herein and as set forth in the Turner Declaration, the Debtors respectfully submit that, on the facts of these cases, emergency relief is both necessary and appropriate.

### IV.

### THE NOTICE GIVEN OF THIS MOTION IS APPROPRIATE
### UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE

The Debtors have served a copy of this Application on all secured creditors, the unsecured creditors holding the twenty (20) largest claims against the Debtors and the Office of the United States Trustee. The Debtors respectfully submit that such notice is appropriate and comports with the requirements of the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California. See Fed. R. Bankr. 2002, 9006(c), LBR 9075-1(a).

-7-

## V.

## CONCLUSION

Based upon the foregoing, the Debtors request that the Court enter an order **setting an emergency hearing on the First Days Motion no later than Monday January 11, 2016** and such further relief as the Court deems just and proper.

DATED: January 8, 2016

Respectfully Submitted,
**WINTHROP COUCHOT**
PROFESSIONAL CORPORATION

By: _/s/ *Garrick A. Hollander*_
    Garrick A. Hollander
[Proposed] General Insolvency Counsel for
Debtors and Debtor-in-Possession

# DECLARATION OF GARRICK A. HOLLANDER

I, Garrick A. Hollander, declare and state:

1. I am a shareholder of Winthrop Couchot Professional Corporation, proposed insolvency counsel to Metropolitan Automotive Warehouse, Inc., and Star Auto Parts, Inc., the debtors and debtors-in-possession (collectively, the "Debtors"). The following matters are within my own knowledge and, if called as a witness, I could and would competently testify thereto.

2. On January 6, 2016, the Debtors filed petitions for relief under Chapter 11 of the United States Bankruptcy Code.

3. I have been in contact with the Office of the United States Trustee with respect to these cases. I can represent that the Office of the United States Trustee supports the setting of an emergency hearing on the soonest date available.

I declare under penalty of perjury under the laws of the state of California and the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 8th day of January 2016 in Newport Beach, California.

/s/ *Garrick A. Hollander*
Garrick A. Hollander

## DECLARATION OF RONALD TURNER

I, Ronald Turner, declare and state as follows:

1. I am the President of Metropolitan Automotive Warehouse, Inc., a California corporation ("Debtor-Metro"), and Star Auto Parts, Inc., a California corporation ("Debtor-Star") (collectively, the "Debtors").

2. The Debtors are a family owned business that has been in operation for over sixty years. The Debtor-Metro is a southern California-based distributor of automotive aftermarket parts over sixty years with operations in southern and central California. The Debtor-Metro distributes aftermarket automotive parts to retail stores and also sells to and fulfills orders for various e-commerce customers. The Debtor-Star, a wholly-owned subsidiary of the Debtor-Metro, is a southern California based retailer of aftermarket parts.

3. In order to sustain its business operations, the Debtors must be able to meet their current obligations to their employees, and its post-petition obligations to vendors and customers on a timely basis. *Without the immediate use of cash collateral and the ability to pay payroll, this cannot be accomplished.* The consequences of even a single day of delay in this regard could have a devastating effect upon the Debtors' business operations. Employees would seek employment elsewhere, vendors would decline to provide products and customers would seek out alternative providers. In contrast, if the Debtors are granted emergency relief, it will provide the Debtors the means to immediately reassure all of these critical constituencies and the going concern value of the Debtors' business will be preserved.

4. The Debtors collectively have approximately 2,000 creditors, and employ approximately 1,000 employees. The Debtor-Metro has 630 hourly employees, and 36 on salary and commission. The Debtor-Star has 317 hourly employees, and 16 on salary and commission. **The Debtors have approximately $707,852.38 in pre-petition employee payroll obligations due on or before January 8, 2016.**[4] These employees, most of whom live hand to mouth, must be paid in a timely fashion. It would be inequitable to impose a

---

[4] The Petition Date straddles two pay periods. Accordingly, as set forth in more detail below, an additional $218,322.31 in prepetition payroll obligations are due on January 20, 2016 or thereafter.

-10-

hardship of these employees, who have to pay for rent, groceries, and other essentials in life. The Debtors must retain the support of their employees in order to preserve and maintain its ongoing business operations and to meet the needs of its customers. To retain this support, the Debtors must timely pay all pre-petition payroll and wage related obligations owed to this constituency.

5. The Debtors' next payroll is due and payable on January 8, 2016, all of which the Debtors' employees earned prior to the petition date. To meet this obligation, the Debtors must fund payroll as soon as possible. As a result, **the need for judicial relief is immediate**. The Debtors believe if they do not pay their employees, they will leave their employ, which, in turn, will cause immediate and irreparable damage to its business. In contrast, if the Debtors can obtain promptly the relief sought herein, they will preserve their business value for the benefit of all creditors.

6. As set forth in their separate motion seeking Court authority Debtors to use cash collateral (the "Cash Collateral Motion"), Bank of West ("Bank"), the Debtors' primary secured creditor and only secured creditor who holds rights against cash collateral, supports the Debtors' use of cash collateral, including the payment of its payroll, and that these matters be heard on an emergency basis.

7. As set forth in more detail in the Cash Collateral Motion, the Debtors are operating on a cash flow positive basis, and thus no creditors will be prejudiced by the Motions. In fact, assuming the employees are paid and the company continues in operation, the Debtors project to generate positive cash flow of $3 million just in the first two weeks alone, and more than $8 million in the next few months. In contrast, if the Debtors are unable to pay their employees in a timely fashion, the Debtors risk losing their labor force, and closing operations which will severely prejudice all creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8TH day of January 2016, at Irvine, California.

_____
Ronald Turner

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Floor, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled: **DEBTORS' EX PARTE APPLICATION TO SET EMERGENCY HEARING ON DEBTORS': (1) EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT AND HONORING OF PRE-PETITION PAYROLL OBLIGATIONS; (2) EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTORS TO USE CASH COLLATERAL AND PROVIDE ADEQUATE PROTECTION TO BANK OF THE WEST; (3) EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTORS TO HONOR AND COMPLY WITH CUSTOMER OBLIGATIONS; (4) EMERGENCY MOTION FOR ORDER APPROVING APPOINTMENT OF CHIEF RESTRUCTURING OFFICER; (5) EMERGENCY MOTION FOR AUTHORIZING RETENTION OF CASH MANAGEMENT SYSTEM; AND (6) EMERGENCY MOTION FOR ORDER LIMITING NOTICE IN THE DEBTORS' CASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 8, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Harold L Collins    halc@knfilters.com, hcollinslaw@aol.com
- Everett L Green    12verett.l.green@usdoj.gov
- James A Hayes    jhayes@jamesahayesaplc.com
- Garrick A Hollander    ghollander@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com;mconour@winthropcouchot.com
- Gregory K Jones    Gjones@dykema.com, Cperez@dykema.com
- Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mirmanbubman.com
- Daniel H Reiss    dhr@lnbyb.com, dhr@ecf.inforuptcy.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On January 8, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Wayne Johnson
3420 Twelfth St., Suite 384
Riverside, CA 92501-3819

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 8, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 8, 2016 | Melody Conour | /s/ Melody Conour |
|---|---|---|
| Date | Printed Name | Signature |

-12-