GARRICK A. HOLLANDER – State Bar No. 166316
ghollander@winthropcouchot.com
PETER W. LIANIDES – State Bar No. 160517
plianides@winthropcouchot.com
JEANNIE KIM – State Bar No. 270713
jkim@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel for
Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>METROPOLITAN AUTOMOTIVE WAREHOUSE, INC., a California corporation,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 6:16-bk-10096 WJ<br><br>Chapter 11 Proceeding<br><br>**MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE APPROVING THE ENGAGEMENT CONTRACT OF RICHARD M. PACHULSKI AS CHIEF RESTRUCTURING OFFICER OF THE DEBTOR, NUNC PRO TUNC TO THE PETITION DATE**<br><br>DATE: January ___, 2016<br>TIME: __:__0 __.m.<br>PLACE: Courtroom 304<br>3420 Twelfth Street<br>Riverside, California 92501 |

216250

**TO THE HONORABLE WAYNE E. JOHNSON, UNITED STATES BANKRUPTCY JUDGE AND PARTIES IN INTEREST:**

Metropolitan Automotive Warehouse, Inc., the above-captioned debtor and debtor in possession (the "Debtor") hereby submits this motion (the "Motion") for the entry of an order approving the letter agreement dated January 8, 2016 (the "Engagement Contract"), annexed as Exhibit "1" to the Declaration of Richard M. Pachulski (the "Pachulski Declaration"), by and between the Debtor and Richard M. Pachulski ("Mr. Pachulski"), and authorizing the Debtor to employ, *nunc pro tunc* to the commencement of this case, Mr. Pachulski as its Chief Restructuring Officer ("CRO"). Pursuant to the Engagement Contract, Mr. Pachulski will serve as the Debtor's CRO, and personnel of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") will provide services to the Debtor in support of the CRO.

As described in greater detail in the within Memorandum of Points and Authorities, good cause exists in the Debtors' cases to limit the service of notice to creditors as the Debtor seeks to retain Mr. Pachulski as its CRO so that Mr. Pachulski may provide management services and guide existing management through a restructuring of the Debtor's operations and a successful resolution of its chapter 11 case.

This Motion is made and based on the representations and allegations set forth above, on the appended memorandum of points and authorities appended hereto, the Declaration of Ronald Turner filed concurrently herewith, the Pachulski Declaration, and on such other evidence as may be presented to the Court prior to or at the hearing on this Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, the Debtors pray that this Court enter an order granting the following relief:

1. Approving the Engagement Contract, *nunc pro tunc* to January 6, 2016;

2. Authorizing the Debtor to employ Mr. Pachulski as its CRO; and

3. Granting such other and further relief as the Court deems appropriate under the circumstances.

DATED: January 8, 2016          **WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**

By: */s/ Garrick A. Hollander*
    Garrick A. Hollander
    Peter W. Lianides
    Jeannie Kim
[Proposed] General Insolvency Counsel for
Debtor and Debtor-In-Possession

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.**

## **STATEMENT OF FACTS**

### **A.    Brief Description of the Debtor's Business Operations**

The Debtor is a family-owned Southern California-based business, distributing aftermarket automotive parts for the last 60 years, with operations in southern and central California. The Debtor distributes aftermarket automotive parts to retail stores and also sells to, and fulfills orders for, various e-commerce customers. Star Auto Parts, Inc., a California corporation and the debtor and debtor-in-possession in the Chapter 11 proceeding styled, *In re Star Auto Parts, Inc.* (Case no. 6:16-bk-10105 WJ) ("Star") is a wholly-owned subsidiary of the Debtor and also is a southern California-based retailer of aftermarket automotive parts. Star sells aftermarket automotive parts directly to repair facilities also known as the "Do-it-for-Me" channel, end users, also known as the "Do-it-Yourself" channel, and businesses that own and operate vehicle fleets. Collectively, the Debtor and Star employ approximately 1,000 employees.

### **B.    General Background**

On January 6, 2016 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## **II.**

## **THE DEBTOR SEEKS COURT APPROVAL OF THE ENGAGEMENT CONTRACT AND AUTHORIZATION TO EMPLOY MR. PACHULSKI, NUNC PRO TUNC TO THE PETITION DATE, AS ITS CHIEF RESTRUCTURING OFFICER**

By this Motion, the Debtor requests the entry of an order, pursuant to sections 105 and 363 of the Bankruptcy Code, approving the Engagement Contract. A true and correct copy of the Engagement Contract is attached as Exhibit "1" to the Pachulski Declaration. Pursuant to the Engagement Contract, Mr. Pachulski will serve as CRO to the Debtor and perform services described in the Engagement Contract.

1  The relief requested herein is necessary to the successful administration of this bankruptcy case. The Debtor seeks to retain the CRO so he may provide management services and guide existing management through a restructuring of the Debtor's operations and a successful resolution of its chapter 11 case.

Mr. Pachulski will assist management in evaluating strategic alternatives, communicating and negotiating with the Debtor's stakeholders, and providing business plan analysis for the purpose of restructuring the estate aimed to maximize value for the estate pursuant to the terms of the Engagement Contract. Without such services, it would be difficult, if not impossible, for the Debtor to analyze the information necessary to complete the reorganization contemplated by this filing.

### III.

### MR. PACHULSKI IS QUALIFIED TO BE EMPLOYED AS
### THE DEBTORS' CHIEF RESTRUCTURING OFFICER

Mr. Pachulski is well-suited to provide the restructuring services required by the Debtor because of his extensive legal and business experience in restructuring businesses.

Mr. Pachulski is a founding member of PSZJ, and the Firm has represented debtors, trustees and creditors' committees in significant bankruptcy cases throughout the United States. Recently, Mr. Pachulski was lead counsel for the Firm's representation of American Suzuki Motor Corporation ("ASMC") in its chapter 11 case in the Central District of California. ASMC was the sole distributor in the continental United States of Suzuki automobiles, motorcycles, all-terrain vehicles, and outboard engines. The Firm obtained the necessary support of creditors and confirmed a chapter 11 liquidating plan less than four months after the petition date and the plan became effective less than a month later. The sale through the plan preserved the hundreds of ASMC motorcycle, all-terrain vehicle, and marine dealers while at the same time ensuring 100% payment to unsecured creditors that resolved their claims with ASMC. Mr. Pachulski also represented Lehman Brothers as lead bankruptcy counsel in the SunCal chapter 11 cases pending in the Central District, in which Lehman Brothers was a lender or a joint venture partner in 26

largely undeveloped parcels in which Lehman Brothers collectively loaned or invested over $2 billion.

Over the years, Mr. Pachulski has represented numerous trustees in large, complex matters, including recently in the Namvar/Namco matters. Additionally, Mr. Pachulski served as an active chapter 7 and chapter 11 trustee from 1983 through 1987. Although no longer an active trustee, Mr. Pachulski was appointed in January 2015 as the chapter 11 trustee in the Randall William Blanchard case pending before the Honorable Judge Scott C. Clarkson. Blanchard was a very contentious case in which Mr. Pachulski, with the assistance of counsel, crafted a fully consensual plan of reorganization within 60 days after his appointment.

In addition, Mr. Pachulski is an active member and principal of two real estate companies, Rubin-Pachulski Properties ("RPP") and separately, RPD Catalyst ("RPD"). RPD presently owns and manages a portfolio of real estate valued in excess of $300 million. Mr. Pachulski is intimately involved with the day-to-day operations of RPP and RPD and oversees all formation documents and deal issues associated with both companies and their funds. For instance, in 2014 Mr. Pachulski oversaw the sale of over $190 million of real estate for RPP and $75 million for RPD. This experience enables Mr. Pachulski to bring a practical, business perspective to the legal issues confronting the Debtor.

The Debtor is familiar with the professional standing and reputation of Mr. Pachulski. The Debtor understands that Mr. Pachulski has a wealth of experience in providing services in restructurings and reorganizations and enjoys an excellent reputation for services he has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

The Debtor has determined that obtaining the services of a CRO and other personnel with turnaround and chapter 11 experience will substantially enhance its ability to (a) operate and meet its administrative obligations in this bankruptcy case and (b) preserve and maximize the value of its assets for creditors. As such, the Debtor chose to utilize Mr. Pachulski pursuant to the Engagement Contract and appointed Mr. Pachulski to the position of CRO following the Petition Date, subject to the Court granting this Motion.

The Debtor believes that Mr. Pachulski is well-qualified and able to advise it in a cost-effective, efficient and timely manner. The Debtor has been advised by Mr. Pachulski that he will endeavor to coordinate with the other professionals retained in this bankruptcy case to eliminate unnecessary duplication or overlap of work. Therefore, the Debtor submits that the retention and employment of Mr. Pachulski is in the best interests of its estate, creditors and other stakeholders in this bankruptcy case.

## IV.

## SERVICES TO BE PROVIDED

By this Motion, the Debtor seeks the entry of an order authorizing the employment of Mr. Pachulski to provide to the Debtor restructuring management services, crisis management services, and CRO services as described in the Engagement Contract (the "Services") including, but not limited to the following:

1. Lead efforts to facilitate the Debtor's restructuring and sale efforts;

2. Lead management efforts to identify and implement both short-term and long-term liquidity generation and profit improvement in an effort to improve the ongoing viability of the Debtor;

3. Participate in development of strategy to negotiate with key stakeholders in order to effectuate a capital raise, sale transaction, or restructuring.

4. Assist with negotiations with the secured lenders and other parties, as appropriate, to facilitate restructuring efforts;

5. Work with counsel to develop strategic solutions to address demands of divergent stakeholders;

6. Assist the Debtor in identifying, reviewing and negotiating debtor in possession financing, if required;

7. Assist the Company and its other advisors with the formulation of a chapter 11 plan of reorganization / liquidation and the preparation of the corresponding disclosure statement.

8. Identify nonessential assets to be sold and managing the sale process;

9. Attend meetings and court hearings as may be required;

10. Render expert testimony as requested from time to time;

11. In his capacity as CRO, Mr. Pachulski will not be a member of the Board of Directors, but he is expected to participate in Board meetings in order to report on the progress of the turnaround and restructuring initiatives; and,

12. Perform other duties and other services as mutually agreed to by Mr. Pachulski and the Debtor.

Mr. Pachulski will operate in the capacity of CRO under the protection of chapter 11 of the Bankruptcy Code. In his capacity as CRO, Mr. Pachulski will:

- Report directly to the Board of Directors of the Debtor and make recommendations thereto and consult therewith regarding his activities and the Services as discussed above.
- Work on a collaborative basis with senior executives of the Debtor, coordinate the restructuring efforts of the Debtor, subject to the reporting structure above, including the identification, development, and implementation of strategies related to the Debtor's debt obligations, business plan, and other related matters.
- In consultation with the Debtor's senior executives, coordinate and manage the Services as discussed above.

To address and handle the above responsibilities on behalf of the Debtor, the CRO will have the authority to delegate tasks to personnel at PSZJ whose billing rate does not exceed that of Mr. Pachulski.

The Debtor will indemnify Mr. Pachulski and those persons to whom he delegates Services pursuant to the terms of the Engagement Contact. Accordingly, as part of this Motion, the Debtor requests that the Court approve the indemnification provisions set forth in the Engagement Contact.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**V.**

**THE DEBTOR BELIEVES THAT THE PROPOSED COMPENSATION AND PAYMENT STRUCTURE IS APPROPRIATE AND IN THE BEST INTERESTS OF CREDITORS OF THE DEBTOR'S CASE**

The Debtor and Mr. Pachulski have agreed to the proposed compensation and payment structure summarized below and set forth in detail in the Engagement Contract (the "Fee Structure"):

- For the services rendered by Mr. Pachulski pursuant to the Engagement Contract, the Company agrees to pay him on an hourly basis at $1,145 per hour. The Company further agrees that Mr. Pachulski may delegate to any other person employed by PSZJ tasks related to his Services, and Client agrees to pay by the hour at PSZJ's prevailing rates for all time spent on Client's matter by the Firm's personnel, so long as such rates do not exceed the then current hourly rate of Mr. Pachulski (collectively, the "CRO Fee"). The CRO Fee is due and payable, on the fifth day following each calendar month of service and shall be deemed accrued and earned upon receipt.

- No pre-petition retainer was paid to Mr. Pachulski, and no postpetition retainer is due.

In addition to the CRO Fee described above, the Debtor shall reimburse Mr. Pachulski for all reasonable out-of-pocket expenses incurred in connection with this engagement such as travel, lodging, telephone and facsimile charges.

Mr. Pachulski shall file with the Court, with copies to the United States Trustee and all official committees, a monthly report of his tasks performed on the engagement for the previous month. All staffing shall be subject to review by the Court in the event an objection is filed.

Mr. Pachulski shall file with the Court (and serve copies on the United States Trustee and any official committees appointed in this case contemporaneously with such filing) reports of compensation earned and expenses incurred on at least a quarterly basis. Such reports shall contain summary charts which describe services provided and itemize the expenses incurred. Time records for the CRO shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Mr. Pachulski shall record his time entries in increments of one-tenth of an hour (0.1). All compensation shall be subject to review by the Court in the event an objection is filed. The first quarterly report will be

submitted forty-five (45) days from the end of the first calendar quarter after the Petition Date and will cover the period to and including the last day of the first quarter after the Petition Date. This procedure will continue at three month intervals thereafter. Because Mr. Pachulski is not being employed as a professional under section 327 of the Bankruptcy Code, he will not be submitting regular fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. The CRO will, however, submit the reports described above.

## VI.

## **GENERAL DISINTERESTEDNESS OF MR. PACHULSKI**

Although the Debtor does not propose to retain the CRO under section 327 of the Bankruptcy Code, Mr. Pachulski has nonetheless performed a conflict check and, to the best of his knowledge and except to the extent disclosed in the Pachulski Declaration, he does not hold any interest adverse to the interests of the Debtor's estate.

Mr. Pachulski does not have any connection with the Debtor, its equity holders, current or former officers and directors, its significant creditors, prospective buyers or investors, the United States Trustee or any other significant party with an actual or potential interest in this bankruptcy case, except as set forth in the Pachulski Declaration.

Mr. Pachulski has not served in any prepetition role with the Debtor, including as officer, director, employee or consultant of the Debtor.

From time to time, Mr. Pachulski in his capacity as a partner of PSZJ has provided services, and likely will continue to provide services, to certain creditors of the Debtor and various other parties adverse to the Debtor in matters unrelated to this bankruptcy case. These unrelated matters involve numerous attorneys, financial advisors, and creditors, some of whom may be claimants or parties with actual or potential interests in this bankruptcy case or may represent such parties.

Additionally, in the ordinary course of his legal practice, Mr. Pachulski may work with counsel or other professionals in unrelated matters who now represent, or who may in the future represent, creditors, or other interested parties in this bankruptcy case.

The Debtor maintains business relationships with numerous shareholders, lenders, creditors and other parties. Mr. Pachulski may have advisory or other commercial or professional relationships with such entities or persons unrelated to the Debtor or its business affairs. Except for his partnership at PSZJ, no other such relationships are related to this bankruptcy case.

Because the Debtor is a large enterprise with numerous creditors and other relationships, Mr. Pachulski is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, if Mr. Pachulski discovers additional information that requires disclosure, he will file a supplemental disclosure with the Court.

Mr. Pachulski has not been retained to assist any entity or person other than the Debtor on matters relating to, or in connection with, this bankruptcy case. If this Court approves the Motion, Mr. Pachulski will not accept any engagement or perform any services for any entity or person other than the Debtor in this bankruptcy case. The Firm, however, reserves the right to expand the scope of its services to provide special counsel legal services to the Debtor. Further, Mr. Pachulski will continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that may be creditors of the Debtor or parties in interest in this bankruptcy case, provided, however, that such services do not relate to, or have any direct connection with, this bankruptcy case.

Mr. Pachulski did not perform any services for the Debtor prior to the Petition Date, and thus he is not a prepetition creditor of the Debtor.

Accordingly, to the extent relevant, the Debtor believes that Mr. Pachulski is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

## VII.

## INDEMNIFICATION AND LIABILITY LIMITATION PROVISIONS

The Engagement Contract contains standard indemnification and limitation of liability language with respect to the Services. With respect to Mr. Pachulski in his capacity as CRO, the Debtor shall indemnify the CRO and each Indemnified Party (as defined in the Engagement Contract) on the same terms as provided to the Debtor's directors under the Debtor's by-laws and applicable state law.

Finally, notwithstanding any provisions of the Engagement Contract to the contrary, Mr. Pachulski has agreed not to raise or assert any defense based upon jurisdiction, venue, abstention or otherwise to the jurisdiction and venue of this Court to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to Mr. Pachulski's services performed during this bankruptcy case.

## VIII.

## THIS COURT HAS DISCRETION TO AUTHORIZE THE DEBTOR TO EMPLOY MR. PACHULSKI AS ITS CHIEF RESTRUCTURING OFFICER

Section 363 of the Bankruptcy Code provides, in relevant part, that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Under applicable case law throughout the country, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on part of the debtor, such use should be approved. *See e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.3d 513, 515 (7th Cir. 1991)); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (Bankr. D. Del. 1999); *In re Delaware & Hudson R.R. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)); *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)) ("[T]he business judgment rule is a 'presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the actions were in the best interests of the company.'").

Bankruptcy courts have analyzed the propriety of a debtor's employment of corporate restructuring officers, advisors, and professionals under section 363 on numerous occasions and have determined it is an appropriate exercise of the debtor's business judgment to employ a restructuring professional in this manner. *See In re American Suzuki Motor Corporation,* Case

No. 8:12-22808-SC (Bankr. C.D. Cal. 2012); *In re Westcliff Medical Laboratories, Inc.*, Case No. 10-16743 (Bankr. C.D. Cal. June 25, 2010); *In re Fatburger Restaurants of California, Inc., et al.*, Case No. 09-13965 (Bankr. C.D. Cal. Feb. 16, 2011); *In re Fairfield Residential LLC*, Case No. 09-14378 (Bankr. D. Del Jan 13, 2010); *In re Motor Coach Industries International, Inc.*, Case No. 08-12136 (Bankr. D. Del Oct. 15, 2008) (approving retention of CRO and crisis managers); *In re Pappas Telecasting, Inc.*, Case No. 08-10916 (Bankr. D. Del June 26, 2008); *In re Linens Holding Co.*, Case No. 08-10832 (CSS) (Bankr. D. Del May 28, 2008); *In re Hoop Holdings, LLC*, Case No. 08-10544 (BLS) (Bankr. D. Del Apr. 22, 2008); *In re Leiner Health Products, Inc.*, Case No. 08-10446 (KJC) (Bankr. D. Del. Apr. 8, 2008); *In re TOUSA, Inc.*, Case No. 08-10928 (Bankr. S.D. Fla. Mar. 26, 2008); *In re American Home Mortgage Holdings, Inc.*, Case No. 07-11047 (Bankr. D. Del. Sept. 5, 2007); *In re Calpine Corp.*, Case No. 05-60200 (Bankr. S.D.N.Y. Jan 17, 2007).

A debtor, pursuant to section 363(b), may employ one or more professionals to act as their restructuring officers or managers or crisis officers or managers. *See In re Tokheim Corp.*, Case No. 02-13437 (RJN) (Bankr. D. Del. Feb. 25, 2003). The retention of interim corporate officers and other temporary employees is proper under section 363 of the Bankruptcy Code. Numerous courts have authorized retention of officers utilizing this provision of the Bankruptcy Code, including Courts in the Ninth Circuit. *See In re American Suzuki Motor Corporation,* Case No. 8:12-22808-SC (Bankr. C.D. Cal. 2012); *In re Westcliff Medical Laboratories, Inc.*, Case No. 10-16743 (Bankr. C.D. Cal. June 25, 2010); *In re Fatburger Restaurants of California, Inc., et al.*, Case No. 09-13965 (Bankr. C.D. Cal. Feb. 16, 2011); *In re Fairfield Residential LLC*, Case No. 09-14378 (Bankr. D. Del Jan. 13, 2010); *In re The Holliston Mill, Inc.*, Case No. 07-10687 (MFW) (Bankr. D. Del. June 6, 2007); *In re Sea Containers Ltd.*, Case No. 06-11156 (KJC) (Bankr. D. Del. May 8, 2007); *In re Adva-Lite, Inc.*, Case No. 07-10264 (KJC) (Bankr. D. Del. Mar. 16, 2007); *In re Global Home Products, LLC*, Case No. 06-10340 (KG) (Bankr. D. Del. May 4, 2006); *In re World Health Alternatives, Inc.*, Case No. 06-10166 (PJW) (Bankr. D. Del. Mar. 15, 2006).

Additionally, the Court's general equitable powers codified in section 105(a) of the Bankruptcy Code provide ample authority for the relief requested herein. Section 105(a) of the Bankruptcy Code empowers the court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). *See also United States v. Energy Resources Co.*, 495 U.S.545, 549 (1990); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code."); *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 2005 WL 435207, *14 (D.N.J. Feb. 25, 2005) (reciting the power of the bankruptcy court to "… issue any order … that is necessary or appropriate to carry out the provisions of … [title 11]").

The terms and conditions of the Engagement Contract were negotiated by the Debtor and Mr. Pachulski at arm's length and in good faith. The Debtor submits that the employment of Mr. Pachulski is a sound exercise of its business judgment and satisfies section 363 of the Bankruptcy Code as Mr. Pachulski's services are necessary and essential to the Debtor's restructuring efforts. Mr. Pachulski has extensive experience providing restructuring services to distressed companies.

## IX.

### THIS COURT'S AUTHORIZATION OF THE DEBTOR'S EMPLOYMENT OF MR. PACHULSKI AS ITS CHIEF RESTRUCTURING OFFICER IS CRITICAL TO THE DEBTOR'S SUCCESS

Granting the relief requested herein would provide the Debtor with the assistance of a highly qualified CRO and translate into benefits to the Debtor's estate. Without Mr. Pachulski, the Debtor would be forced to interview new CRO candidates who likely would lack an equivalently thorough understanding of the Debtor's business and restructuring initiatives – both already in progress and soon to be implemented. Further, hiring a new CRO would involve significant time and additional resources – all of which are in short supply given the brief timeframe within which the Debtor seeks to emerge from this bankruptcy case. Accordingly, the Debtor respectfully submits that the services provided by Mr. Pachulski are important to the success of this bankruptcy case and requests that the Court approve the Engagement Contract.

The Debtor submits that the employment of Mr. Pachulski under the terms of the Engagement Contract would greatly benefit the Debtor's estate and creditors. The absence of an executive capable of achieving a successful reorganization would severely hinder the Debtor's ability to reorganize in an efficient and effective manner.

Moreover, Mr. Pachulski is clearly qualified for the position for which he is being employed. The Debtor has determined that the terms of the Engagement Contract are within the range of those for senior executive officers employed with the companies of comparable size, value and reputation. Accordingly, the Debtor's decision to enter into the Engagement Contract reflects an exercise of the Debtor's sound business judgment.

## X.

## **CONCLUSION**

Based on the foregoing, the Debtors respectfully request that the Court grant the relief requested herein, and such other and further relief as the Court may deem just and proper.

DATED: January 8, 2016        **WINTHROP COUCHOT**
                              **PROFESSIONAL CORPORATION**


                              By: */s/ Garrick A. Hollander*
                                  Garrick A. Hollander
                                  Peter W. Lianides
                                  Jeannie Kim
                              [Proposed] General Insolvency Counsel for
                              Debtor and Debtor-in-Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Floor, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled: **EMERGENCY MOTION FOR ORDER LIMITING NOTICE IN THE DEBTOR'S CASE; MEMORANDUM OF POINTS AND AUTHORITIES [DECLARATION OF RONALD TURNER IN SUPPORT HEREOF FILED CONCURRENTLY HEREWITH]** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 8, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Harold L Collins    halc@knfilters.com, hcollinslaw@aol.com
- Everett L Green    everett.l.green@usdoj.gov
- James A Hayes    jhayes@jamesahayesaplc.com
- Garrick A Hollander    ghollander@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com;mconour@winthropcouchot.com
- Gregory K Jones    GJones@dykema.com, CPerez@dykema.com
- Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mirmanbubman.com
- Daniel H Reiss    dhr@lnbyb.com, dhr@ecf.inforuptcy.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On January 8, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 8, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Attorney Service [Bin outside of Courtroom 304]
Honorable Wayne Johnson
3420 Twelfth St., Suite 384
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 8, 2016 | Viann Corbin | /s/ Viann Corbin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |