**FILED & ENTERED**

JAN 11 2016

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch      DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>METROPOLITAN AUTOMOTIVE WAREHOUSE, INC., a California corporation,<br><br>            Debtor. | Case No.: 6:16-bk-10096-WJ<br><br>CHAPTER 11<br><br>**SCHEDULING ORDER** |

      The Court has reviewed and considered the motion of the debtor entitled "Debtors' Ex Parte Application To Set Emergency Hearing On Debtors': (1) Emergency Motion For Order Authorizing Payment And Honoring Of Pre-Petition Payroll Obligations; (2) Emergency Motion For Order Authorizing Debtors To Use Cash Collateral And Provide Adequate Protection To Bank Of The West; (3) Emergency Motion For Order Authorizing Debtor To Honor And Comply With Customer Obligations; (4) Emergency Motion For Order Approving Appointment Of Chief Restructuring Officer; (5) Emergency Motion For (sic) Authorizing Retention Of Cash Management System and (6) Emergency Motion For Order Limiting Notice In The Debtors' Cases" [docket #12] as well as all the related motions discussed below.

Good cause appearing, it is hereby ORDERED:

1. The initial hearing regarding the "Debtor's Emergency Motion For Order Authorizing Payment And Honoring Of Pre-Petition Payroll Obligations; Memorandum Of Points And Authorities" [docket #15] and the initial hearing regarding the "Debtor's Emergency Motion For Order Authorizing Use Of Any Cash Collateral Of Secured Claimants; Memorandum Of Points And Authorities" [docket #14] shall occur on January 13, 2016 at 10:00 a.m.  Opposition may be made orally at the hearing.  No later than January 11, 2016 at 5:00 p.m., the moving party shall file and serve notice of both motions, the hearing date and the deadline to file opposition.  Notice shall be provided by facsimile, overnight delivery or e-mail (to parties who have consented to service by e-mail) to: (a) the Office of the United States Trustee, (b) all secured creditors, (c) the Internal Revenue Service, (d) the twenty largest unsecured creditors of the debtor (as identified in the lists filed pursuant to Bankruptcy Rule 1007(d)), (e) all parties who have filed a notice of appearance in this case and (f) all parties (and their attorneys) involved in pending litigation involving the debtor.  Among other matters required under local rules, the notice shall (x) advise parties of contact information for obtaining the motions (and all supporting documents) including an e-mail address for counsel for the moving party and (y) advise parties that complete copies of the motions (and all supporting documents) may be obtained immediately by e-mail.  Counsel for the moving party shall immediately provide by e-mail copies of the motions (and all supporting documents) to anyone who requests copies.  Counsel for the debtor shall also provide notice by telephone to the Office of the United States Trustee and counsel for all secured creditors no later than January 11, 2016 at 5:00 p.m.

2. In preparing for the hearing regarding the payroll motion, the Court notes that the relief requested in paragraph G on page 3 of the payroll motion appears to request injunctive relief against entities who are not creditors or parties in interest.  Pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, such requests for relief require the filing of an adversary

proceeding against the affected financial institutions, proper service of a complaint and a motion seeking injunctive relief.

3.  Hearings regarding the "Motion For Entry Of Order Pursuant To Section 363 Of The Bankruptcy Code Approving The Engagement Contract Of Richard M. Pachulski As Chief Restructuring Officer Of The Debtor, Nunc Pro Tunc To The Petition Date" [docket #18], the "Debtor's Emergency Motion For Order Authorizing Retention Of Cash Management System; Memorandum Of Points And Authorities" [docket #16] and the "Debtor's Emergency Motion For Order Authorizing Debtor To Honor And Comply With Customer Obligations; Memorandum Of Points And Authorities" [docket #17] shall occur on January 26, 2016 at 2:00 p.m. Opposition shall be filed and served no later than January 25, 2016 at noon. No later than January 12, 2016, the moving party shall file and serve by regular mail upon all creditors and parties in interest notice of the motions, the hearing date and the deadline to file opposition. Among other matters required under local rules, the notice shall (a) include at least one or two paragraphs describing each motion including the services to be rendered by Mr. Pachulski and his compensation (i.e. his hourly rate and projected number of hours of services), (b) shall advise parties of contact information for obtaining complete copies of the motions (and all supporting documents) including an e-mail address for counsel for the moving party and (c) advise parties that complete copies of the motions (and all supporting documents) may be obtained immediately by e-mail. Counsel for the moving party shall immediately provide by e-mail copies of the motions (and all supporting documents) to anyone who requests copies.

4.  The motion of the debtor entitled "Emergency Motion For Order Limiting Notice In The Debtor's Case; Memorandum Of Points And Authorities" [docket #20] is hereby denied without prejudice. The debtor may re-file a new motion at any time and set the matter for hearing on regular notice. The debtor shall provide notice of any such renewed motion upon all creditors and parties in interest. In addition, the statements in the motion and in paragraph 7 of the declaration of Ronald Turner indicate that the master mailing matrix which the debtor filed in this

case (which lists only 30 creditors, not 2,100) is materially incomplete.  Therefore, the debtor is hereby ordered to immediately submit to the Court a corrected master mailing matrix listing all creditors in this case.  In addition, the debtor is hereby ordered to serve a copy of the Court's notice of meeting of creditors [docket #13] upon all creditors and parties interest in the case by regular mail no later than January 14, 2016 and submit to the Court proof of service.

IT IS SO ORDERED.

###

Date: January 11, 2016

*Wayne Johnson*
Wayne Johnson
United States Bankruptcy Judge