GARRICK A. HOLLANDER – State Bar No. 166316
ghollander@winthropcouchot.com
PETER W. LIANIDES – State Bar No. 160517
plianides@winthropcouchot.com
JEANNIE KIM – State Bar No. 270713
jkim@winthropcouchot.com
**WINTHROP COUCHOT PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel for Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br><br>METROPOLITAN AUTOMOTIVE WAREHOUSE, INC., a California corporation,<br><br><br>Debtor and<br>Debtor-in-Possession. | Case No. 6:16-bk-10096 WJ<br><br>Chapter 11 Proceeding<br><br>**NOTICE TO CERTAIN CREDITORS AND PARTIES IN INTEREST OF HEARINGS ON (1) DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING RETENTION OF CASH MANAGEMENT SYSTEM; (2) DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO HONOR AND COMPLY WITH CUSTOMER OBLIGATIONS; AND (3) MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE APPROVING THE ENGAGEMENT CONTRACT OF RICHARD M. PACHULSKI AS CHIEF RESTRUCTURING OFFICER OF THE DEBTOR, NUNC PRO TUNC TO THE PETITION DATE**<br><br>DATE:  January 26, 2016<br>TIME:   2:00 p.m.<br>PLACE:  Courtroom 304<br>         3420 Twelfth Street<br>         Riverside, California 92501-3819 |

NOTICE IS HEREBY GIVEN that the Court has set for hearing on January 26, 2016, at 2:00 p.m., on shortened time, at the United States Bankruptcy Court, Courtroom 304, located at 3420 Twelfth Street, Riverside, California, the following motions, which Metropolitan Automotive Warehouse, Inc., a California corporation and the debtor and debtor-in-possession in the above-captioned chapter 11 case ("Debtor-Metro") filed with the Court on January 8, 2016:

A. Debtor's <u>Emergency</u> Motion for Order Authorizing Retention of Cash Management System ("Cash Management Motion");

B. Debtor's <u>Emergency</u> Authorizing Debtor to Honor and Comply with Customer Obligations ("Customer Obligations Motion"); and

C. Motion for Entry of Order Pursuant to Section 363 of the Bankruptcy Code Approving the Engagement Contract of Richard M. Pachulski as Chief Restructuring Officer of the Debtor, Nunc Pro Tunc to the Petition Date ("CRO Motion," and together with the Cash Management Motion and the Customer Obligations Motion, collectively, the "Motions").

Debtor-Metro and its subsidiary, Star Auto Parts, Inc., the debtor and debtor-in-possession in the Chapter 11 proceeding styled, *In re Star Auto Parts, Inc.* (case no. 6:16-bk-10105 WJ) ("Debtor-Star," and together with Debtor-Metro, collectively, the "Debtors"), have filed substantially similar Motions in their respective Chapter 11 cases.

By the Cash Management Motion, the Debtors seek Court authorization to, among other things, retain their pre-petition cash management system, including the retention of the Debtors' pre-petition bank accounts held at Wells Fargo Bank, N.A. ("Wells Fargo") and Bank of the West ("BOW") for the purposes of receiving, collectively, cash, checks and wire transfer deposits, which deposits the Debtors seek Court authorization ultimately to transfer, on a routine basis subject to restrictions imposed by Bank of the West, to post-petition debtor-in-possession bank accounts (the "DIP Accounts") that the Debtors intend to open in accordance with the requirements and guidelines set forth by the Office of the United States Trustee.

The Debtors have maintained bank accounts at Wells Fargo and BOW since before the commencement of its Chapter 11 case.  The Debtors' Wells Fargo account enables Debtor-Star's multiple retail stores to make frequent deposits as Wells Fargo's multiple branch locations, which are close in geographic proximity to Debtor-Star's retail stores.  By the Cash Management Motion, the Debtors seek Court authorization to transfer, on a routine basis and only to the Debtors' account held at BOW, deposits from its account at Wells Fargo; the Debtors propose that, thereafter, they will transfer, on a routine basis and only to the DIP Accounts, deposits from their account at BOW.  The Debtors further represents that BOW has indicated its support for the Cash Management Motion, and that BOW intends to implement mechanisms to ensure that the Debtors will not be allowed to write checks or otherwise withdraw funds from the account held at BOW.

By the Customer Obligations Motion, the Debtors seek Court authorization to continue to honor and comply with its pre-petition customer obligations, such as customer credits/returns policies and rebates programs.  In connection with the Debtors' business of distributing and selling auto parts, the Debtors offer to customers certain rebate programs.  Currently, the Debtors estimate that there is approximately $45,000 in customer rebates outstanding.  Additionally, customers often return product, for which the Debtors will issue credit.  The Debtors estimate that it has not yet processed or given credit for returns in the amount of approximately $454,868 as to Debtor-Metro, and approximately $15,000 as to Debtor-Star.  The Debtors believe that if the Court does not authorize them to continue to honor these obligations, the Debtors' customers likely will not remain loyal to the Debtors, which, in turn, would likely engender negative publicity and damage the Debtors' sales and going concern values.  Therefore, the Debtors seek Court authorization to continue to honor and comply with its pre-petition customer obligations in order to preserve customer confidence and support for ultimate the benefit of creditors of the Debtors' estates.

By the CRO Motion, the Debtors seek Court approval of the Engagement Contract (as defined in the CRO Motion) entered into by and between the Debtors and Richard M. Pachulski, whereby the parties have agreed that Mr. Pachulski will serve as the Debtors' Chief Restructuring Officer ("CRO"), subject to Court approval.  As set forth in the CRO Motion, the Debtors anticipate that Mr. Pachulski will provide restructuring management services to the Debtors, including, but not limited to, e.g., (1) leading efforts to (a) facilitate the Debtors' restructuring and sale efforts, and (b) improve the ongoing viability of the Debtors, (2) participating in the development of strategy to negotiate with key stakeholders and effectuate a capital raise, sale transaction or restructuring, (3) assisting with negotiations necessary to facilitate restructuring efforts, (4) working with counsel to develop strategic solutions to address demands of divergent stakeholders, (5) assisting the Debtors in identifying, reviewing and negotiating debtor-in-possession financing, if necessary, (6) assisting the Debtors and their advisors with the formulation of a Chapter 11 plan of reorganization or liquidation and preparation of the corresponding disclosure statement, (7) identifying non-essential assets of the Debtors to sell and managing such sale process, (8) attending meetings and court hearings as may be required, (9) rendering expert testimony as requested from time to time, (10) participating in board meetings[1] for the purpose of reporting on the

---

[1] In his capacity as the Debtor's proposed CRO, Mr. Pachulski will be an officer of the Debtor who reports directly to the Board of Directors but not a member of the Board of Directors.

progress of the Debtors' turnaround and restructuring initiatives, and (11) performing other duties and services as mutually agreed upon by and between the Debtors and Mr. Pachulski (collectively, the "CRO Services").

The Debtors and Mr. Pachulski have agreed that, subject to Court approval, Mr. Pachulski's hourly rate for the CRO Services will be $1,145 per hour. Additionally, the Debtors and Mr. Pachulski have agreed that Mr. Pachulski may delegate to any other person employed by Pachulski Stang Ziehl & Jones LLP ("PSZJ") tasks related to the CRO Services, which delegated CRO Services will be rendered to the Debtors at PSZJ's prevailing rates for all time spent by PSZJ's personnel on the Debtors' case, provided, however, that such rates do not exceed Mr. Pachulski's then current hourly rate (collectively, the "CRO Fee"). The Debtors have not paid to Mr. Pachulski or PSZJ a pre-petition retainer, and neither Mr. Pachulski nor PSZJ has required a post-petition retainer. In addition to the CRO Fee, the Debtors have agreed to reimburse Mr. Pachulski for all reasonable out-of-pocket expenses incurred in connection with the CRO Services.

True and complete copies of each of the Motions and the Declaration of Ronald Turner in support of the Motions may be obtained immediately by email from the Debtors' proposed general insolvency counsel, Winthrop Couchot Professional Corporation, by contacting Ms. PJ Marksbury, via email at pj@winthropcouchot.com.

**IF YOU DO NOT OPPOSE THE RELIEF REQUESTED BY THE MOTIONS, YOU NEED NOT TAKE ANY FURTHER ACTION. HOWEVER, IF YOU OBJECT TO THE RELIEF REQUESTED BY THE MOTIONS, PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1 AND THE SCHEDULING ORDER ENTERED BY THE COURT ON JANUARY 11, 2016 [DOCKET NO. 26], ANY OPPOSITION TO THE MOTIONS MUST BE FILED WITH THE COURT NOT LATER THAN 12:00 P.M. ON JANUARY 25, 2016. YOU MUST FILE YOUR OPPOSITION WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, LOCATED AT 3420 TWELFTH STREET, RIVERSIDE, CALIFORNIA 92501-3819. YOU MUST SERVE A COPY OF YOUR OPPOSITION TO THE MOTIONS UPON THE PROPOSED COUNSEL TO THE DEBTORS AT THE MAILING ADDRESS INDICATED IN THE UPPER LEFT CORNER OF THIS NOTICE, AND UPON THE UNITED STATES TRUSTEE, AT 3801 UNIVERSITY AVE, SUITE 720, RIVERSIDE, CA 92501.**

DATED: January 12, 2016                     **WINTHROP COUCHOT PROFESSIONAL CORPORATION**


                                            By:    */s/ Jeannie Kim*
                                                   Garrick A. Hollander
                                                   Peter W. Lianides
                                                   Jeannie Kim
                                            [Proposed] General Insolvency Counsel to Debtor
                                            and Debtor-in-Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.
My business address is: 660 Newport Center Drive, 4th Floor, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled: **NOTICE TO CERTAIN CREDITORS AND PARTIES IN INTEREST OF HEARINGS ON (1) DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING RETENTION OF CASH MANAGEMENT SYSTEM; (2) DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO HONOR AND COMPLY WITH CUSTOMER OBLIGATIONS; AND (3) MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE APPROVING THE ENGAGEMENT CONTRACT OF RICHARD M. PACHULSKI AS CHIEF RESTRUCTURING OFFICER OF THE DEBTOR, NUNC PRO TUNC TO THE PETITION DATE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 12, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Harold L Collins   halc@knfilters.com, hcollinslaw@aol.com
- Abram Feuerstein   abram.s.feuerstein@usdoj.gov
- Everett L Green   everett.l.green@usdoj.gov
- James A Hayes   jhayes@jamesahayesaplc.com
- Garrick A Hollander   ghollander@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com;mconour@winthropcouchot.com
- Gregory K Jones   GJones@dykema.com, CPerez@dykema.com
- Teddy M Kapur   tkapur@pszjlaw.com
- Peter W Lianides   plianides@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com
- Alan I Nahmias   anahmias@mbnlawyers.com, jdale@mirmanbubman.com
- Daniel H Reiss   dhr@lnbyb.com, dhr@ecf.inforuptcy.com
- United States Trustee (RS)   ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 12, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Attorney Service**
Honorable Wayne Johnson
3420 Twelfth St., Suite 384
Riverside, CA 92501-3819

☒ Service information continued on attached page
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 12, 2016 | Melody Conour | /s/ | _Melody Conour_ |
|---|---|---|---|
| _Date_ | _Printed Name_ | | _Signature_ |