PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT U.S. TRUSTEE
JASON K. SCHRADER, SBN 258706
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Abram.S.Feuerstein@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>METROPOLITAN AUTOMOTIVE WAREHOUSE, INC., a California Corporation,<br><br>Debtor and Debtor-in-Possession. | Case No. 6:16-bk-10096-WJ<br><br>CHAPTER 11<br><br>**LIMITED OBJECTION OF UNITED STATES TRUSTEE TO DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO ENTER INTO SUPPLY AGREEMENT PURSUANT TO 11 U.S.C. SEC. 363(b), AND TO OBTAIN CREDIT PURSUANT TO 11 U.S.C. SEC. 364(d)**<br><br>Date: January 20, 2016<br>Time: 3:00 pm<br>Ctrm: 304 |

**TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, DEBTOR'S COUNSEL AND ALL PARTIES IN INTEREST:**

Peter C. Anderson, the United States Trustee for Region 16 ("U.S. Trustee"), hereby objects on a limited basis to the *Debtor's Emergency Motion for Order Authorizing Debtor to Enter into Supply Agreement Pursuant to 11 U.S.C. Sec. 363(b), and to Obtain Credit Pursuant to 11 U.S.C.*

*Sec. 364(d)* ("Financing Motion")[1] filed January 15, 2016, by Metropolitan Automotive Warehouse, Inc., a California Corporation ("Debtor").

I. **ARGUMENT**

**THE DEBTOR SHOULD PROVIDE SUPPLEMENTAL INFORMATION ABOUT AND JUSTIFICATION FOR CERTAIN PROVISIONS OF THE SUPPLY AGREEMENT.**

Several provisions contained in the Supply Agreement[2] require further explanation or additional justification before they should be approved by the Court.

1. Interest/Fee Provision.

The Supply Agreement, as revised, provides that the interest/fee provision will be an amount no greater than 13 percent. [*See* Financing Motion, 8:7-9].[3] However, the Financing Motion does not describe whether this rate varies from the parties' current arrangements, and there is no discussion of rates typical in the industry. Under the proposal, given that FMP will be given a security interest, presumably any interest/fees charged should be less than when it extended credit to the Debtor on an unsecured basis. The Debtor should supplement the Financing Motion to include a discussion of the parties' current supply agreements and the reasons for any variation from their current arrangement.

---

[1]    Docket No. 45.

[2]    Capitalized terms not otherwise defined in this Limited Opposition have the meanings assigned to them in the Financing Motion.

[3]    The Financing Motion describes the charge as an "interest/fee provision"; the Supply Agreement itself states that "(i)nventory will be sold by FMP to (the Debtor) at *warehouse distributor pricing plus* (the agreed percentage)."

2. <u>Requirement to Supply Product.</u>

Several provisions of the Supply Agreement appear to allow FMP at its discretion and/or with limited notice to refuse to fill orders or discontinue deliveries at any time. [*See, e.g.*, Supply Agreement, Pars. 4(a) and 6(d)]. Aside from the obvious concerns relating to the effect this potentially could have on the Debtor's business operations, the concerns are heightened given that FMP is "one of the potential stalking horse bidders" and might seek to use its position as the Debtor's supplier to obtain an advantage in the sale process. The Debtor should provide additional information about whether FMP has any obligation to supply product under the Supply Agreement, and what notice provisions apply to the discontinuation of deliveries and/or the cancellation of the agreement.

3. <u>Potentially Over-reaching Provisions.</u>

a. Choice of Forum.

The Supply Agreement is crucial to the Debtor's reorganization efforts and/or preserving the value of the Debtor's business as efforts are made to locate a purchaser. The parties are seeking Court approval for their lending/supply relationship, and FMP is being granted certain lien rights and protections under Section 364(d). Given the importance of the Supply Agreement to the bankruptcy case, the parties should provide additional information as to why disputes relating to the Supply Agreement should be resolved in the courts of Minnesota as set forth in Paragraph 14(e), and why the Bankruptcy Court is not the proper forum to adjudicate claims arising from their Court-approved agreement.

b. Waiver of Liability in Excess of Product Price.

The Supply Agreement provides that in no event will FMP "be liable for any claim in excess of the purchase price paid by customer for the specific product giving rise to the claim." [Supply

Agreement, Par. 10(e)]. The Debtor should discuss whether this is a customary term and/or practice in the industry.

4. FMP's Unsecured Debt.

FMP is listed among the twenty largest unsecured creditors in the Star Auto Parts, Inc., bankruptcy case ("Star Case"). The outstanding indebtedness owed to FMP in that case is limited -- $2,286.10. Nevertheless, it appears that the contemplated security agreement covers debts "now" owed to FMP, as well as future obligations. [See Supply Agreement, Par. 2]. If the parties intend to transform the prior unsecured debt into a secured one, or an administrative claim into a secured one if credit already has been extended post-petition in the ordinary course of business, the Financing Motion should state so expressly, and the parties should provide a justification for the provision.

5. Joint Administration Concerns.

The Debtor has filed a motion seeking the joint administration of the case with the Star Case. It appears that the Supply Agreement is between FMP, on the one hand, and the Debtors in this and the Star Case, on the other hand. As such, both debtors will be liable for the repayment of the indebtedness for the product supplied by FMP even if specific product is furnished to only one of the debtors. The Financing Motion should describe, with specificity, any provisions that would affect the nature and priority, if any, of any inter-debtor claims that would result if a debtor were to repay debt incurred by or for the benefit of another debtor.

Case 6:16-bk-10096-WJ    Doc 60    Filed 01/19/16    Entered 01/19/16 15:34:41    Desc
Main Document    Page 5 of 8
Case 6:16-bk-10096-WJ    Doc 60    Filed 01/19/16    Entered 01/19/16 15:34:41    Desc
Main Document    Page 5 of 8

## II. CONCLUSION

The U.S. Trustee respectfully requests that the Court sustain his limited opposition and grant such further relief as is just and proper.[4]

DATED: January 19, 2016

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: /s/ *Abram S. Feuerstein*
Abram S. Feuerstein
Assistant U.S. Trustee

---

[4] The Financing Motion has been set for hearing on an emergency basis on a limited showing that interim relief is necessary to avoid immediate and irreparable harm. The U.S. Trustee respectfully requests that any relief ordered by the Court be on an interim basis pending the setting of a final hearing on such notice as is required by Federal Rules of Bankruptcy Procedure 6004(a) and 2002(a)(2). Moreover, with formation meetings scheduled to take place on January 20, 2016, there is no unsecured creditors committee in place. The final hearing should be set at a date designed to enable the committee to participate in a meaningful manner.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Office of the U. S. Trustee**
**3801 University Ave., #720**
**Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*) LIMITED OBJECTION OF UNITED STATES TRUSTEE TO DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO ENTER INTO SUPPLY AGREEMENT PURSUANT TO 11 U.S.C. SEC. 363(b), AND TO OBTAIN CREDIT PURSUANT TO 11 U.S.C. SEC. 364(d) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 19, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**See Electronic Mail Notice List**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 19, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Metropolitan Automotive Warehouse, Inc., a California corporation
535 Tennis Court Lane
San Bernardino, CA 92408

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 19, 2016 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
(Via Federal Express Overnight mail attn. Judges' Copies)
Presiding Judge:
Hon. Wayne Johnson
3420 Twelfth Street, #384
Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 19, 2016 | Mary H. Avalos | /s/ Mary H. Avalos |
|---|---|---|
| Date | Printed Name | Signature |

-6-

# Mailing Information for Case 6:16-bk-10096-WJ

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Craig H Averch**    caverch@whitecase.com
- **Harold L Collins**    halc@knfilters.com, hcollinslaw@aol.com
- **Abram Feuerstein**    abram.s.feuerstein@usdoj.gov
- **Everett L Green**    everett.l.green@usdoj.gov
- **James A Hayes**    jhayes@jamesahayesaplc.com
- **Garrick A Hollander**    ghollander@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com;mconour@winthropcouchot.com
- **Gregory K Jones**    GJones@dykema.com, CPerez@dykema.com
- **Teddy M Kapur**    tkapur@pszjlaw.com
- **Jeannie Kim**    jkim@winthropcouchot.com, vcorbin@winthropcouchot.com;pj@winthropcouchot.com
- **Mette H Kurth**    mkurth@foxrothschild.com, pchlum@foxrothschild.com
- **Peter W Lianides**    plianides@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com
- **Jessica Mickelsen Simon**    jessica.mickelsensimon@kattenlaw.com, adelle.shafer@kattenlaw.com;ecf.lax.docket@kattenlaw.com
- **Alan I Nahmias**    anahmias@mbnlawyers.com, jdale@mirmanbubman.com
- **Samuel A Newman**    snewman@gibsondunn.com
- **Daniel H Reiss**    dhr@lnbyb.com, dhr@ecf.inforuptcy.com
- **Mohammad Tehrani**    Mohammad.V.Tehrani@usdoj.gov
- **Scott C Timpe**    stimpe@mbnlawyers.com, scott.timpe@gmail.com;aacosta@mbnlawyers.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Jody A Bedenbaugh**
1320 Main St 17th Fl
POB 11070
Columbia, SC 29201

**James A Hayes**
A Professional Law Corporation

1 Park Plaza, Suite 600
Irvine, CA 92614

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.